**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ARTRICE D. HAUGABROOK,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 7:10-cv-60 (HL) |
| **WILLIAM O. CASON, in his official capacity as Superintendent of the Valdosta City Schools, et al.,** | : | |
| Defendants. | : | |

## ORDER

Before the Court is Plaintiff Dr. Artrice D. Haugabrook's ("Dr. Haugabrook") Petition for Declaratory and Injunctive Relief (Doc. 1). The Court held an emergency evidentiary hearing on the petition in Valdosta, Georgia on July 16, 2010. At the conclusion of the hearing, the Court issued an oral ruling denying the petition. This written order follows.

## I.  BACKGROUND

Dr. Haugabrook alleges in her petition that the Defendants have refused to hire her for three school administrative positions because of her race and sex. She is a female and of African American descent. Dr. Haugabrook filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") on July 8, 2010, claiming violations of Title VII of the Civil Rights Act of 1964. The EEOC has not made a determination on her claim. On July 9, 2010, she filed her petition for injunctive and declaratory relief. Her petition alleges violations of Title VII, the

Fourteenth Amendment, and state law.

Dr. Haugabrook's educational background and professional experience is impressive. She holds a doctorate degree in educational leadership and has sixteen years experience working as a teacher and administrator in the Valdosta City Schools. In June 2008 she held the position of Director of Student Services. She served as the Director of Student Services until May 2010 when Defendant Superintendent Dr. William Cason ("Dr. Cason") demoted her to an assistant principal position. Her demotion was part of a Reduction in Force policy and followed her refusal to consent to being made a principal.

After receiving notice of her demotion, Dr. Haugabrook applied for two administrative positions: Director of Teaching and Learning ("DTL") and 6-12 Curriculum Director ("CD"). Dr. Cason recommended to the School Board that Scarlet Correll, a white female, be hired as the DTL. Dr. Cason has not recommended anyone for the CD position, but Dr. Haugabrook alleged in her petition that she has not been contacted for an interview. Dr. Haugabrook asserts that she has been subject to racial discrimination because she was not recommended for the DTL position and not interviewed for the CD position.

Additionally, Dr. Haugabrook believes that she was discriminated by the Defendants on the basis of her sex because the School Board hired Alvin Hudson, a black male, as the Assistant Superintendent of Operations. The position was not advertised, but if it had been advertised, Dr. Haugabrook would have applied for the position.

## II. DISCUSSION

### A. Whether Dr. Haugabrook's Petition is Ripe

At the hearing, the Defendants moved to dismiss the petition on the basis that Dr.

Haugabrook's race claims were unripe. The Defendants asserted that there was no case or controversy because the School Board had not voted to fill the DTL and CD positions. The Defendants believe that until the School Board hires Ms. Correll for either of the positions, then Dr. Haugabrook has not been injured.

To be ripe for judicial decision, the plaintiff must show that "he has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." Nat'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005) (citation omitted). An injury need not have occurred for a claim to be ripe; claims may be ripe where they assert an imminent threat of future injury. United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003) (citation omitted). An additional consideration in the ripeness analysis is whether the parties will suffer hardship if a court decision is withheld. Nat'l Adver., 402 F.3d at 1339.

The Court cannot ignore that the Defendants agreed to delay the School Board vote on the DTL position so that the emergency hearing could be held to resolve Dr. Haugabrook's petition. The ripeness argument made at the emergency hearing was raised at a late juncture and as a result, a failure to rule on Dr. Haugabrook's petition would cause hardship to her and to the Defendants, who seek to promptly fill the DTL position. Moreover, the Court held a telephone conference on July 13, 2010 to discuss Dr. Haugabrook's petition. Counsel for both parties were present. During the conference, counsel for Dr. Haugabrook asserted that, based on information and belief, the School Board was going to vote in favor of hiring Ms. Correll for the DTL position. Taking that assertion into account as well as that Dr. Cason recommended Ms. Correll instead of Dr. Haugabrook for the DTL position, the Court believes that Dr. Haugabrook was in immediate or imminent danger of future injury.

3

The Defendants' motion to dismiss on ripeness grounds is accordingly denied.

**B.      Whether a Preliminary Injunction Should Issue**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Dr. Haugabrook seeks a preliminary injunction prohibiting the school board from filling the DTL and CD positions. She also asks that the Court remove Alvin Hudson from the Assistant Superintendent of Operations position and order the Defendants to advertise the CD position.

A preliminary injunction may be issued if the moving party demonstrates: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).

**1.      Success on the Merits**

Dr. Hauagabrook has not shown a substantial likelihood of success on the merits of her race and sex discrimination claims.

Title VII failure to promote claims require the plaintiff to establish a prima facie case of discrimination,[1] and then establish that the employer's legitimate nondiscriminatory reason for the hiring decision was merely a pretext for unlawful discrimination.[2] Denney v.

---

[1] To establish a prima facie case of discrimination on a failure to promote claim, "a plaintiff must prove: (1) that he is a member of a protected class; (2) that he was qualified for and applied for the promotion; (3) that he was rejected; and (4) that other equally or less qualified employees who were not members of the protected class were promoted." Denney, 247 F.3d at 1183 (citation omitted).

[2] The Defendants, in their brief and in cross examination, asserted that a nondiscriminatory reason for failing to promote Dr. Haugabrook was that the DTL and CD positions would require a twelve month contract and additional work hours. According to

4

City of Albany, 247 F.3d 1172, 1183 (11th Cir. 2001).

There is no question that Dr. Haugabrook has presented sufficient evidence establishing her prima facie case of race and sex discrimination; however, Dr. Haugabrook has not presented evidence of pretext. The thrust of Dr. Haugabrook's pretext argument for race discrimination is that Ms. Correll was unqualified for the positions, or alternatively that Dr. Haugabrook was more qualified than Ms. Correll. To establish pretext based on qualifications, Dr. Haugabrook must present evidence that the differences in qualifications is "so apparent as virtually to jump off the page and slap you in the face." Denney, 247 F.3d at 1187. Dr. Haugabrook argues that Ms. Correll does not have the required leadership experience for the DTL position. The job description for the DTL states that "a minimum of 10 years of leadership and/or teaching experience is required." The CD job description states that "5 years of leadership and/or teaching experience is required." Ms. Correll has worked in the school system for thirteen years. She has held administrative positions as a psychologist and counselor, and served as a teacher. In the Court's view, Ms. Correll's administrative work as a psychologist and counselor can reasonably be interpreted as leadership experience. Ms. Correll's work experience exceeds the ten and five years requirements. Therefore, for purposes of resolving the petition, the Court finds that Ms. Correll is qualified for either position because she satisfies the job requirements of the DTL and CD positions.

---

the Defendants, Dr. Huagabrook had expressed disinterest in a twelve month contract and did not want a job requiring more than forty hours of work each week. The Defendants' reason is a subjective one, but it constitutes a sufficient legitimate, nondiscriminatory reason. "[A]n employer's use of subjective factors in making a hiring or promotion decision does not raise a red flag." Denney, 247 F.3d at 1185.

5

Further, while there is no question that the evidence shows Dr. Haugabrook is more qualified than Ms. Correll in the sense of formal educational training, the difference in their qualifications is not one that shocks the conscience. Based on the evidence presented, Ms. Correll is qualified for either positions and a reasonable employer could hire her. Dr. Haugabrook has accordingly failed to show pretext. See Alexander v. Fulton County, Ga., 207 F.3d 1303, 1339 (11th Cir. 2000) (stating that a plaintiff may not establish pretext "merely by questioning the wisdom of the employer's reasons, at least not where . . . the reason is one that motivates a reasonable employer.") (citation omitted)(overruled on other grounds).

As for Dr. Haugabrook's pretext argument for sex discrimination, she asserts that the Defendants failed to follow hiring procedures because the Assistant Superintendent of Operations position was not posted. "Departures from normal procedures may be suggestive of discrimination." Morrison v. Booth, 763 F.2d 1366, 1374 (11th Cir. 1985). Nonetheless, absent other evidence "deviation from a company policy [alone] does not demonstrate discriminatory animus." Brown v. Marriot Intern., Inc., 2006 WL 2189695, at *15 (N.D. Ga. July 31, 2006) (citation omitted). In this case, the deviation from the School Board's policy does not establish pretext. Since no other evidence was presented by Dr. Haugabrook showing that Alvin Hudson's appointment was discriminatory, Dr. Haugabrook has failed to meet her burden on her sex discrimination claim.[3]

---

[3] At the hearing, Alvin Hudson testified that he served on an interview committee for the DTL position. The interview committee's task was to select candidates to be interviewed for the position and refer those names to Dr. Cason. Alvin Hudson did not disclose to Dr. Cason that he had written a letter of recommendation on behalf of Ms. Correll. Dr. Haugabrook argues the that the interview committee was biased, which constitutes evidence of pretext. The Court disagrees. During cross examination it was

6

## 2. Irreparable Injury

Dr. Haugabrook has not shown she has no adequate remedy of law causing her irreparable injury. First, Dr. Haugabrook's request that the Court enjoin the filling of three positions is too broad. At most, Dr. Hauabrook can fill one position. Second, in considering whether to enjoin the filling of one position, it is apparent that Dr. Haugabrook wants to work in administration. Since she has applied for three administrative positions, it is also clear that she does not seek any particular administrative position within the school district. Dr. Haugabrook has presented no evidence establishing that in the future there will be no administrative job openings within the Valdosta City School district. Thus, the Court finds that in the event Dr. Haugabrook succeeds on her discrimination claims, there is a strong likelihood that there will be administrative positions available that Dr. Haugabrook would desire. The Court may order the School Board to promote Dr. Haugabrook to an administrative position, or require the School Board to bump an employee from his or her administrative position and place Dr. Haugabrook in that position. Finally, Dr. Haugabrook may be entitled to relief in the form of back pay and other equitable relief such as front pay and fringe benefits. 42 U.S.C. § 2000e-5(g)(1). Damages for her intentional infliction of emotional distress claim may also be available.

On the evidence presented, Dr. Haugabrook has failed to show she would suffer an irreparable injury.

---

revealed that Alvin Hudson also wrote a letter of recommendation on behalf of Dr. Haugabrook. Alvin Hudson may have been biased toward both Ms. Correll and Dr. Haugabrook, but his bias does not support an inference of pretext.

### 3. Threatened Injury and Public Interest

The Court declines to consider these factors because Dr. Haugabrook has failed to meet the first two factors of the preliminary injunction test. Since all four factors must be satisfied, there is no need to continue the analysis.

## III. CONCLUSION

For the explained reasons in this order, and for any additional reasons explained at the hearing, Dr. Haugabrook's petition for preliminary injunctive and declaratory relief (Doc. 1) is denied.

**SO ORDERED**, this the 21st day of July, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc