```
IN THE UNITED STATES DISTRICT COURT
     FOR THE MIDDLE DISTRICT OF GEORGIA
              VALDOSTA DIVISION
```

| | | |
|---|---|---|
| **ARTRICE D. HAUGABROOK** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. |
| | : | 7:10-CV-60 (HL) |
| **WILLIAM O. CASON, in his official capacity as Superintendent of the Valdosta City Schools, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

Before the Court are motions to dismiss (Docs. 23, 24, and 25). For the following reasons, the motions are granted in part and denied in part. The motion to dismiss filed by the Valdosta City School Board (Doc. 23) is granted. The motion to dismiss filed by the individual Defendants of the Valdosta City School Board (Doc. 24) is granted. The motion to dismiss filed by all the Defendants (Doc. 25) for failure to exhaust administrative remedies is denied.

I.  **BACKGROUND**

Plaintiff Dr. Artrice Haugabrook ("Dr. Haugabrook") claims that the Defendants have refused to hire her for three school administrative positions because of her race and sex. Dr. Haugabrook filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") on July 8, 2010 claiming violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). The following day she filed a petition in

this Court for injunctive and declaratory relief. The petition alleged violations of Title VII, the Fourteenth Amendment, and state law.

The Court held an emergency hearing on the petition for preliminary injunctive relief in Valdosta, Georgia on July 16, 2010. At the conclusion of the hearing, the Court issued an oral ruling denying Dr. Haugabrook's request for preliminary injunctive relief. On July 21, 2010, the Court entered an order setting forth in writing the reasons given at the hearing.

The Defendants have now moved to dismiss Dr. Haugabrook's Title VII claims and all claims against the Defendant Valdosta City School Board, the individual Defendant members of the Valdosta City School Board, and Defendant William Cason.

## II. DISCUSSION

### A. Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 25)

The Defendants move to dismiss Dr. Haugabrook's Title VII claims on the basis that she failed to exhaust her administrative remedies before filing suit.

Before beginning a Title VII action in federal district court a plaintiff must file an EEOC charge against the discriminating offenders and receive statutory notice from the EEOC of the plaintiff's right to sue the offenders named in the charge. Forehand v. Florida State Hosp. at Chattahoochee, 89 F.3d 1562, 1567 (11th Cir. 1996). If, after 180 days, the EEOC charge has not been dismissed or no action has

been taken by the EEOC on the charge, then the EEOC is required to notify the plaintiff and the plaintiff may bring suit within 90 days after receipt of her right to sue notice. Id. (citing 42 U.S.C.§ 2000e-5(f)(1)). Receipt of a right to sue notice is not a jurisdictional prerequisite to filing suit. Instead, it is a condition precedent subject to equitable modification. Id. The burden of proof lies with the plaintiff to show it is entitled to equitable modification. Id. at 1571. Dr. Haugabrook filed suit before she received her right to sue notice from the EEOC. She must therefore show that she is entitled to equitable relief.

Equitable modification may not be appropriate "if a claimant attempts to frustrate investigation or conciliation by the EEOC." Id. at 1570. It may also not be appropriate if the defendant has claimed it was prejudiced by the premature filing. Rolin v. Escambia Cnty. Bd. of Educ., 752 F. Supp. 1020, 1022 (S.D. Ala. 1990). Here, there is no evidence that Dr. Haugabrook attempted or intended to thwart the administrative process or the EEOC's investigation by filing a complaint before receiving a right to sue notice. The Defendants have not contended that they have been prejudiced by the premature filing.

Instead, there are reasons in this case that warrant equitable modification. Dr. Haugabrook had no choice but to file her complaint at the time she did because she sought preliminary and injunctive relief as well as other traditional remedies available to Title VII plaintiffs. She has indicated that she will amend her complaint after she receives her right to sue notice. The right to sue notice should be issued no later

3

than the beginning of January 2011, 180 days after she filed her EEOC charge in July 2010. It would be a waste of judicial resources to dismiss this action at this time only to have Dr. Haugabrook refile the same action less than two months later.

This case meets the standard for equitable modification. The motion to dismiss for failure to exhaust administrative remedies (Doc. 25) is denied. Dr. Haugabrook's case will remain in federal court even though she has not received a right to sue notice from the EEOC. She is ordered to amend her complaint to include the right to sue notice within one week of its receipt.

### B.     Valdosta City School Board's Capacity to Be Sued (Doc. 23)

The Defendant Valdosta City School Board moves for dismissal on the basis that it is not a legal entity subject to suit. The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b)(3). Under Georgia law, a county school board does not have the capacity to sue or be sued. Cook v. Colquitt Cnty. Bd. of Educ., 261 Ga. 841, 841, 412 S.E.2d 828, 828 (Ga. 1992) (citations omitted). The exception to the rule, which does not apply here, "is where the legislature creates a school board by an act which gives that board the capacity to sue or be sued." Id. (citation omitted).

The Valdosta City School Board is accordingly dismissed from this action because it lacks the capacity to be sued. The case shall proceed against the Valdosta City Schools District because the school district is capable of being sued. See Id. (explaining a school district is subject to suit, but not a county school board).

### C. Individual Defendants Sued in Their Official Capacity (Doc. 24)

The individual Defendants sued by Dr. Haugabrook are sued in their official capacities only. These Defendants move for dismissal on the basis that official capacity suits are suits against the Valdosta City Schools District and are redundant since the Valdosta City Schools District is a Defendant in the case.

The Eleventh Circuit has held that "when an officer is sued . . . in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citations and quotations omitted). It would be redundant to name members of the Valdosta City School Board and the Superintendent in their official capacities when the same claims are asserted against their employer, the Valdosta City Schools District. Accordingly, William Cason, Annie Fisher, Vanessa Flucas, Warren Lee, Dean Rexroth, Trey Sherwood, Bill Love, Jeana Beeland, Debra Bell, and Kelly Wilson are dismissed from this action.

The motion to dismiss filed by the Valdosta City School Board (Doc. 23) is granted. The motion to dismiss filed by the individual Defendants (Doc. 24) is granted. The motion to dismiss filed by all the Defendants for failure to exhaust administrative remedies (Doc. 25) is denied.

**SO ORDERED**, this the 22nd day of November, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

lmc