IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ARTRICE D. HAUGABROOK, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| | : | 7:10-cv-60 (HL) |
| v. | : | |
| VALDOSTA CITY SCHOOLS, | : | |
| Defendant. | : | |

## ORDER

Before the Court is the joint motion to stay discovery and case deadlines (Doc. 50). For the following reasons, the motion is granted.

This is an employment discrimination case with an unusual procedural background. The Court permitted the case to proceed to discovery even though the Plaintiff did not receive a right to sue notice from the Equal Employment Opportunity Commission ("EEOC"). In its November 22, 2010, order the Court explained that dismissal of the case for failure to receive a right to sue notice was not warranted for equitable reasons. The Plaintiff filed her complaint before receiving a right to sue notice because she sought immediate injunctive relief against the Defendant. In addition, the right to sue notice was due to issue in January 2011, which was two months after the Court ruled on the Defendant's motion to dismiss for failure to obtain a right to sue notice. It would have been a waste of judicial resources and the Plaintiff's money if the Court had dismissed the Plaintiff's case in November 2010

only to have the Plaintiff re-file her case in January 2011.

Adding another layer to this case's unusual procedural history is that the Plaintiff has not received a right to sue letter within 180 days after she filed her charge of discrimination. The parties indicated that the delay may have occurred because the Plaintiff's file was transferred to and from EEOC offices in Atlanta and Savannah.

The applicable federal regulation states that where the defendant is a government entity, like the Valdosta City Schools, then

> the Commission will issue the notice of right to sue when there has been a dismissal of a charge. The notice of right to sue will be issued in accordance with § 1601.28(e). In all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue, including the following cases:
>
> (1) When there has been a finding of reasonable cause by the Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action; and
>
> (2) *Where a charging party has requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2).* In cases where a charge of discrimination results in a finding of cause in part and no cause in part, the case will be treated as a "cause" determination and will be referred to the Attorney General.

29 C.F.R. § 1601.28(d) (emphasis added).

A charging party may request a notice of right to sue by filing a written request with the EEOC. 29 C.F.R. § 1601.28(a)(1) and (2). The Plaintiff did not indicate that

she filed a written request with the EEOC for notice of a right to sue.

The Court orders the Plaintiff to file a written request for a right to sue notice with the EEOC. The EEOC will either dismiss the charge and issue a right to sue notice or the Attorney General will issue a right to sue notice.

The Court will stay this case for forty-five days. The stay will end on April 14, 2011. The parties must file a status report no later than April 14, 2011 describing whether the EEOC or the Attorney General has taken any action on the Plaintiff's request for receipt of a right to sue notice. If the Plaintiff receives a right to sue notice before the expiration of the stay, then she must amend her complaint within one week of her receipt of the right to sue notice and she must file a motion to lift the stay. If the Plaintiff has not received a right to sue notice by April 14, 2011, then the Court may consider a renewed motion to dismiss for failure to exhaust administrative remedies. The motion to stay discovery and motions deadlines (Doc. 50) is granted.

**SO ORDERED**, this the 28th day of February, 2011.

> *s/  Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

lmc