IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ARTRICE D. HAUGABROOK,

    Plaintiff,

    v.

VALDOSTA CITY SCHOOLS,

    Defendant.

Civil Action 7:10-CV-60 (HL)

ORDER

This case is before the Court on Defendant's Second Motion for Summary Judgment (Doc. 89). This motion relates only to Plaintiff's demotion from Director of Student Support Services to assistant principal.

I.    FACTS

Plaintiff, a black female, previously served as the Director of Student Support Services ("DSSS"), a position in Defendant's central office. In April of 2010, mainly because of budget issues and significant loss of funding, the Valdosta Board of Education adopted a reduction in force ("RIF") policy. (Doc. 77-7, p. 2; Deposition of William Cason, Sr., p. 14). The RIF policy provides in part:

> When the Superintendent determines that the application of this reduction in force policy is necessary, it shall be his or her primary responsibility to prepare for presentation to the Valdosta Board of Education a plan for reduction in force (RIF). In proposing the plan, the Superintendent may: (1) determine the group(s) of

>employees to which the RIF will be applied, (2) select individuals or positions to be subject to the RIF, or (3) any combination of (1) and (2). Factors to be considered by the Superintendent in devising a RIF plan may include, but shall not be limited to, the professional expertise, effectiveness, overall job performance, tenure status, level of certification, and length of continuous service of individual employees with the Board.
>
>If the Board accepts the recommendation of the Superintendent, the Superintendent shall notify any employee affected by the application of the plan in a manner consistent with the provisions of Georgia's Fair Dismissal Act and he or she shall have whatever rights the Fair Dismissal Act provides for such employee.

(Doc. 77-7, p. 2).

At some point a RIF recommendation was made to the Board of Education and a number of employees were transferred to different positions. Ten white certified staff members and eight black certified staff members were affected by the RIF policy, and at least six of those staff members, including Plaintiff, were female. (Cason dep., p. 22; Deposition of Annie Fisher, Ex. 1).[1] In a letter dated May 7, 2010, Plaintiff was notified that pursuant to the RIF policy, she was being transferred to an assistant principal position. That transfer, which was in lieu of termination, was considered to be a demotion. (Doc. 1-1, p. 9).

Plaintiff contends that she was discriminated against on the basis of her race and sex. She argues that instead of being demoted, she should have been transferred into another position at the central office. Plaintiff specifically points to

---

[1] The exhibit to Annie Fisher's deposition dated June 7, 2010 shows that at least five female certified staff members were "rehired reduction in force." Thus, it is clear these five staff members were negatively affected by the RIF.

2

three positions: (1) the Assistant Superintendent of Operations ("ASO") position, which was given to a black male, Dr. Alvin Hudson; (2) the 6-12 Curriculum Director ("CD") position, which was given to a black male, Rodney Bullard; and (3) the Director of Teaching and Learning ("DTL") position, which was given to a white female, Scarlett Correll Brown.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Summary judgment must be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material fact exists. Info. Sys. & Networks Corp., 281 F.3d at 1224. The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor." Id.

### B.   Title VII Demotion Claim

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).[2]

A plaintiff may prove disparate treatment through the introduction of either direct or circumstantial evidence. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Plaintiff relies on circumstantial evidence to establish her discrimination claim, thus her case must be analyzed under the McDonnell Douglas test. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff bears the initial burden of establishing a prima facie case. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). Once she has established a prima facie case, Defendant must articulate a legitimate, nondiscriminatory reason for the challenged employment action. Id. If Defendant can give an appropriate explanation, the burden shifts back to Plaintiff to prove by a preponderance of the evidence that Defendant's explanation is merely a pretext. Id. A plaintiff cannot establish pretext by simply demonstrating facts that suggest discrimination, but must specifically respond to the employer's explanation and rebut it. Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1309 (11th Cir. 2007). Pretext evidence is that which demonstrates "such weaknesses, implausibilities, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable fact finder could find them unworthy of credence." Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th

---

[2] As noted in the Court's first summary judgment order, Plaintiff's claims asserted pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1981 are governed by the same legal analysis as the Title VII claim.

Cir. 1997) (citation omitted). It is important to remember that an employer may make an employment decision for a "good reason, a bad reason, . . . or no reason at all as long as its action is not for a discriminatory reason." Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (quotation omitted).

In order to establish a prima facie case in a reduction in force case, a plaintiff must show: (1) that she was in a protected group and was adversely affected by an employment decision; (2) that she was qualified for her current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of sex or race in reaching the decision at issue. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1082 (11th Cir. 1990) (citations omitted) (ADEA case). There is no real dispute as to the first two elements - Plaintiff was in a protected group and demoted, and there is no question that she was qualified to serve in the DSSS position or another position - thus, "[a]t issue is whether [Plaintiff] can point to sufficient evidence to allow a reasonable juror to find discriminatory intent." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1329 (11th Cir. 1998). To establish intent, Plaintiff must proffer evidence that could lead a factfinder to conclude that: (1) Defendant consciously refused to consider retaining her because of her sex or race; or (2) Defendant regarded sex or race as a negative factor in such consideration. Padilla v. North Broward Hosp. Dist., 270 F.App'x 966, 971 (11th Cir. 2008) (quoting Allison v. Western Union Tel. Co., 680 F.2d 1318, 1321 (11th Cir. 1982)).

The Court assumes, without deciding, that Plaintiff has established a prima facie case. Now the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for demoting Plaintiff. "This is a burden of production, not persuasion. [Defendant] need only produce evidence that could allow a rational fact finder to conclude that [Plaintiff's] [demotion] was not made for a discriminatory reason." Standard, 161 F.3d at 1331. The Court finds that Defendant has met its burden as a reduction in force is a legitimate, nondiscriminatory reason for the adverse employment action. See id. at 1333-34 (holding that a work force reduction is a legitimate, non-discriminatory reason to terminate an employee); Tidwell v. Carter Prods., 135 F.3d 1422, 1426 (11th Cir. 1998) (RIF was a legitimate, nondiscriminatory reason to terminate plaintiff).

As Defendant has offered a legitimate reason for the demotion, Plaintiff must show that the proffered reason is pretextual. The heart of Plaintiff's pretext argument is that she should have been transferred to another position in the central office, namely the ASO, CD, or DTL position. She contends that pretext should be inferred because she was not placed in any of these three positions and instead they were filled with candidates of a different race or gender. The Court disagrees. In the Court's opinion, Plaintiff has presented no evidence that could support a finding that her demotion had anything to do with her race or gender. The evidence is uncontroverted that at least seven other black staff members were affected in some way by the RIF, which negates Plaintiff's racial claim. Plaintiff's gender claim is similarly negated because at least five other

6

women were affected by the RIF. It is not as if Plaintiff was the only female or black staff member subjected to the RIF policy. Plaintiff spends the majority of her response brief arguing that she should have been considered for the ASO position, which was given to a "preselected" "less qualified male candidate." However, as discussed in detail in the first summary judgment order, Plaintiff cannot show pretext in connection with the hiring of Dr. Hudson for the ASO position. Further, Plaintiff's argument that she was more qualified for the position carries no weight. The only thing she points to as evidence of her superior qualifications is the fact that she earned her doctorate two years before Dr. Hudson. But that certainly does not create a disparity in qualification that is of "such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Cooper v. S. Co., 390 F.3d 695, 732 (11th Cir. 2004), *overruled in part on other grounds*, Ash v. Tyson Foods, 546 U.S. 454, 126 S.Ct. 1195 (2006).

Further, in order to show pretext, Plaintiff must meet Defendant's proffered nondiscriminatory reason head on and rebut it. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006). At no point has Plaintiff rebutted Defendant's position that there was a loss of funding and budget shortfalls requiring the RIF. Here, Plaintiff has not "cast sufficient doubt on the defendant's proffered legitimate reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually

7

motivated its conduct." Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008) (internal quotations and citation omitted). Plaintiff complains that she, as opposed to other staff members, was demoted, but the Court will not second-guess the decisions of Defendant in implementing a RIF. It is well established law that "[f]ederal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, [Title VII] does not interfere. Rather, [the court's] inquiry is limited to whether the employer gave an honest explanation of its behavior.'" Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir. 1988)). It is not the Court's place to decide whether Plaintiff or another employee should have been demoted or transferred.

As Plaintiff has not established pretext, she cannot survive summary judgment. Defendant is entitled to summary judgment on the demotion claim.

### C.   Attorney's Fees

In Count VIII of her Amended Petition, Plaintiff requests attorney's fees pursuant to 42 U.S.C. § 1988. However, because the Court has determined that Defendant is entitled to summary judgment on Plaintiff's substantive claim, she is not entitled to any attorney's fees. Defendant is entitled to summary judgment on Plaintiff's § 1988 request for attorney's fees.

## III.     CONCLUSION

Defendant's Second Motion for Summary Judgment (Doc. 89) is granted.

The Clerk of Court is directed to enter final judgment in favor of Defendant.

**SO ORDERED**, this the 5th day of September, 2012.

>   */s/ Hugh Lawson*
>   **HUGH LAWSON, SENIOR JUDGE**

mbh